**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD COCHRAN, | No. 20-15154 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-03238-MTL-JFM |
| v. | |
| CHARLES L. RYAN, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| THOMASON, First Name Unknown; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Arizona state prisoner Howard Cochran appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging an Eighth Amendment violation stemming from alleged prison overcrowding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Cochran's action because Cochran failed to allege facts specific to defendant Ryan sufficient to show that defendant Ryan was deliberately indifferent to a substantial risk of serious harm to Cochran due to the alleged conditions of overcrowding. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *see also Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) (overcrowding has no constitutional significance standing alone).

**AFFIRMED.**